R. H. GARDNER and RUBY SIMPSON v. J. L. SWITZER and LILLIE B. SWITZER, Appellants. (Defendant CAROLYN W. GARDNER not appealing.)—No. 39145.—186 S. W. (2d) 561.

Division One, March 5, 1945.

Rehearing Denied, April 2, 1945.

*C. B. Burns* and *Charles V. Garnett* for appellants.

*H. K. West* for respondents.

 GANTT, J.—Action to set aside a sheriff's deed as substitute trustee in a deed of trust. The deed conveyed certain land in Linn County, Mo., to the defendants Switzer as purchasers at a sale under the deed of trust. The foreclosure was for default in payment of the

note secured by the deed of trust. The Switzers claim title under the sheriff's deed.

Plaintiffs contend the sale was without authority of law and claim title to the land as heirs of L. H. Gardner, deceased. Defendant Carolyn Gardner, widow of L. H. Gardner, deceased, and mother of the plaintiffs, also contends the sale was without authority of law and claims dower. The judgment set aside the deed and ordered partition. Defendants Switzer appealed.

In substance it is alleged in the first count of the petition that L. H. Gardner and Carolyn W. Gardner, his wife, executed to E. L. Anderson, Trustee, a deed of trust on the land to secure the payment of a note payable to the order of R. L. Anderson; that after the death of L. H. Gardner the note secured by the deed of trust was paid to the owner thereof; that the note was marked paid by the owner, who endorsed thereon words as follows: "Assigned to Recorder for release of record, E. L. Anderson"; that defendant J. L. Switzer erased the words "paid" written on the note and also erased the assignment of the note to the recorder; that the erasures were material alterations of the note; that Switzer made said erasures with the consent of his wife Lillie B. Switzer, and that after making said erasures J. L. Switzer, with the consent of his wife, wrote on the note an assignment to himself by forging the name of E. L. Anderson.

It also alleged that the sheriff of Linn County, as substitute trustee in the deed of trust and on the request of defendants Switzer, sold and conveyed the land to the Switzers for a named consideration [562] of $500.00, whereas no money, except for costs of sale, was paid to the sheriff for the land, and that the sale was for default in payment of the note.

It also is alleged that the deed is void because the Switzers were not owners of the note and because the alterations of the note made by the Switzers are material alterations.

Count two of the petition is conventional and prays for partition of the land.

The answer of the defendants Switzer to the first count is a general denial, with an allegation that the note was not paid but sold to said defendants.

The answer of said defendants to the second count of the petition is a general denial with a plea of estoppel.

Defendant Carolyn W. Gardner filed a separate answer, confessing that the relief prayed for in the petition should be granted.

J. L. Switzer, witness for the plaintiffs, testified in substance as follows:

Lillie B. Switzer is my wife. I knew E. H. Gardner in his lifetime. I don't remember the date of his death. He died before June 8, 1937, and left surviving his widow and two children. I have known the family all of my life. I do not know whether the children were of

age when I dealt with them. Witness was handed plaintiff's exhibit "A" (the note in question) and asked if he had ever seen that document. He answered that he saw the document when he and Mrs. Gardner came from Mr. Anderson's after paying the note. I saw it when Mrs. Gardner came to my house after paying the note. I endorsed the note. When I first saw the note the words "paid" were on it. I erased said words and also erased the assignment of the note to the recorder for release. Mr. Anderson was not present when I made the erasures. I have not seen nor talked to him since I made the erasures. I was not present when Mr. Anderson endorsed the note "for release of record", nor was I present when he marked the note "paid". I saw the sheriff after I made the erasures. He published the notice of foreclosure at my request and sold the land under the deed of trust. I purchased the eighty acres of land and went into possession. It was not improved land at the time of the foreclosure. I made fences, cleaned out the ditches and cleaned out fence rows. I had one crop of corn on about fifteen acres of the land since I purchased it. I lived by the Gardners for a number of years. At the time of the transaction with reference to the sale of the land, the daughter Lillie was twenty-one years of age. I did not know that Mr. Gardner, who is dead, was the owner of the farm. I knew that his wife signed the note and deed of trust on the land. At the time I made the erasures, Gardner was dead and had been for a couple of years. It was Gardner's note and Gardner's farm and Gardner's wife who signed in that capacity.

On plaintiffs' offer, the note for $2000, exhibit "A", was admitted in evidence. It is dated February 2, 1923, payable to the order of R. L. Anderson. The note was reduced to $755.00. On the back of the note is an endorsement as follows: "I assign the within note to J. L. Switzer. (Signed) E. L. Anderson."

On plaintiffs' offer, exhibit "B", the deed of trust was admitted in evidence. It also is dated February 2, 1923.

On plaintiffs' offer, exhibit "C", the sheriff's deed conveying the land to the Switzers, was admitted in evidence. It is dated April 30, 1938.

On being called as a witness for the defendants, J. L. Switzer testified as follows:

On June 7, 1939, Mrs. Gardner came to my home. Plaintiff R. H. Gardner was not with her. Ruby Simpson, her daughter, was with her. Mrs. Gardner brought the note and old deed of trust to me. At that time it was marked paid and for release of record. I made the erasures the next morning or the next day. I did so in the presence of my family and no one else. After the foreclosure I gave the note to Mrs. Gardner.

Ruby Simpson, witness for the plaintiff, testified in substance as follows:

1128

I am a plaintiff in the case and the daughter of E. H. and Carolyn Gardner. We lost the farm in July, 1935. At that time I was twenty-one years of age and my brother, R. H. Gardner, a plaintiff, was eighteen years of age. I do not know if my mother, Carolyn Gardner, will be present at the trial. I do not know if she was asked to join as plaintiff in the case. We found the note in my mother's papers, and my brother, R. H. Gardner, took possession of the note. My husband was not with me when we found the note. It was about the time the final settlement was [563] made. My mother and brother went to Linneus with the papers. I did not go with them. My brother, R. H. Gardner, the other plaintiff, and my mother, Carolyn Gardner, are not here for the trial. I do not know where my brother and mother kept the papers. I never had the note. I saw the note in my mother's papers. We turned the note over to attorney West. My husband talked to him before we got the note. I did not talk to my mother about filing suit. Later I told her we were going to file suit. She advised against it. In 1937 I did not go with mother, brother and the Switzers to see Judge Pratt (Probate Judge) about selling the land. I recall that mother went to Linneus. I did not go with her. She was the administrator of my father's estate. I think the land was sold in May, 1938. Mr. and Mrs. Switzer took charge of the land after the sale and have continued in possession of the same. All of us talked about making the sale. My husband and I took mother to see Mr. Anderson at her request. She gave him the check and he gave her the note. We then returned to the Switzer home and mother gave the note to Switzer. I do not think I went to Linneus to the probate court. I think Switzer took my mother to the probate court. They were planning to sell the land and I knew they went to see the probate judge. I did not know they went to Bucklin to see the banker. I do not think that I heard any discussion about protecting my mother against a deficiency judgment. I did not hear any discussion with Mr. Anderson about what was to be written on the note. I had no part in the transaction. I do not know if my brother will be here at the trial. He lives on a farm seven miles north of Bucklin. I also do not know if my mother will be here at the trial. They can be reached by telephone.

Lillie B. Switzer testified for the defendants, in substance, as follows:

She identified defendants' exhibit 2 which was a check on the Bucklin State Bank, dated June 7, 1937, payable to the order of E. L. Anderson for $755.00 and signed J. L. Switzer by L. B. S. I was present at the sale of the land under the deed of trust. I went to Linneus with them and talked to Judge Pratt about selling the land. I was not with the plaintiffs or defendants when they went to the bank at Bucklin. I was at my home on June 7th. The plaintiffs and defendant Carolyn W. Gardner came to my home on that date.

We gave the check to Mrs. Gardner at our home. She went to Mr. Anderson's home with the check and returned to our home and delivered the note and deed of trust to us. Thereafter the property was sold under the deed of trust and we took possession. We kept the note at our home. After the land was sold under the deed of trust, we turned the note over to Mrs. Gardner. Mr. and Mrs. Simpson and Mrs. Gardner brought the note to our home. Rolla was there when we gave the check to Mrs. Gardner. We told them we gave the check to buy the note. The Gardner boy did not receive a check from us, and so far as I know I did not go to see Mr. Anderson. I did not see Mr. Anderson after the note was delivered to us. I was present when the erasures and assignment were made on the note. The sheriff's sale was eight or nine months after the note was delivered to us.

Floyd Switzer, son of the Switzers, testified for the defendants, in substance, as follows:

I was at home on June 7, 1937, and recall that Mr. and Mrs. Simpson and Mrs. Gardner came to our home on that day. My father, mother, two sisters, two brothers, Mrs. Gardner and Mr. and Mrs. Simpson were there at the time. At that time the check was filled out and given to Mrs. Gardner. I do not know what she did with it. I was at home when she returned and gave the note and deed of trust to my parents. I also was at home when the erasures on the note were made. The note was marked "paid" and "for release" before the erasures. The sale under the deed of trust was made about eight months after that time. I did not attend the sale. The witness also testified on the market value of the land purchased under the deed of trust. Roy Switzer also testified for the defendants on the market value of the land. This is all the evidence.

It will be noted that plaintiffs seek recovery on two theories: (1) payment of the note; (2) material alterations of the note. The theory of payment and the theory of material alterations are inconsistent. If, as plaintiffs contend, the note was paid, there was nothing to alter. Payment cancels a note. In this case it is not a question of material alterations. It is a question of payment.

Evidence of erasures and endorsements are admissible on the question of payment and on the question of the agreement of the parties to the transaction which resulted in Switzer's delivery of the check to Mrs. Gardner and her delivery of the note and deed of trust to the Switzers after she delivered the check to Anderson.

As stated by plaintiffs, "there is absolutely no evidence that Mrs. Gardner nor these plaintiffs requested Switzer to advance the money or pay the note."

The plaintiff R. H. Gardner and the defendant Carolyn W. Gardner, while not at the trial, were accessible as witnesses. E. L. Anderson was at the trial. He was not called as a witness. The Gardners, Switzers, Anderson and possibly others, know facts tending to show

1130

the agreement of the parties to the transaction which resulted in Switzers' issuance of the check payable to Anderson. The case is in equity and should be remanded for a full disclosure of the facts. [Subsection c, Sec. 140, p. 395, Laws of Mo. 1943; Hetzler v. Millard, 348 Mo. 198, 153 S. W. 2d 355; Jensen v. Wilson Twp., 346 Mo. 1199, 145 S. W. 2d 372.]

Furthermore, the record presents no evidence tending to show that L. H. Gardner owned the land at the time of his death. Furthermore, the note is made payable to the order of R. L. Anderson. The trustee in the deed of trust is E. L. Anderson. There is no evidence tending to show that E'. L. Anderson,' to whom the Switzer check was made payable, owned the note.

The judgment is reversed and the cause remanded. All concur.