Roy D. HORRIDGE, Appellant,

v.

Diane J. HORRIDGE, Respondent.

No. KCD 27469.

Missouri Court of Appeals,
Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 12, 1976.

Morris, Foust, Beckett & Ponick, Max W. Foust and Russell D. Jacobson, Kansas City, for appellant.

Max Von Erdmannsdorff, Kansas City (Von Erdmannsdorff, Zimmerman, Gunn & Trimble, Kansas City, of counsel), for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

In this dissolution of marriage proceedings the trial court made this award: "2. Respondent is awarded judgment and execution as due against Petitioner in the sum of Twenty-five Thousand Dollars ($25,-000.00), without interest, payable as follows: (a) Five Thousand Dollars ($5,000.00) on June 1, 1974 payable to the Clerk of this Court. (b) Five hundred Dollars ($500.00) on July 1, 1974 and Five Hundred Dollars ($500.00) on the first day of each succeeding month thereafter until the full sum of Twenty-five Thousand Dollars ($25,000.00) has been fully paid. All such payments are to be made to the Clerk of this Court." Appellant here was further ordered to provide respondent with a current model car, such as a Buick, Oldsmobile or Pontiac, for her exclusive use for 24 months, appellant to hold title to the car in whatever manner he chose.

Although the trial court did not denominate the award as "maintenance" the appellant so treats it in his brief. It is noted that in her petition, respondent pleaded that she "lacks sufficient property and earning capacity, including any marital property awarded to her, to provide for her needs and is unable to support herself through employment, whereas Roy Horridge is well able to contribute to her maintenance." Respondent's prayer, in part,

was that she "be awarded a sum of money as and for maintenance." Respondent offered no evidence of her earning capacity, and the insufficiency of her property to provide for her needs. No evidence was offered as to her needs, and on none of these matters, of course, was there any finding under § 452.335, RSMo (Laws 1973, p. 470, § 8, effective Jan. 1, 1974), which provides: "[T]he court may grant a maintenance order to either spouse, *but only if* it finds that the spouse seeking maintenance (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) Is unable to support himself through appropriate employment * * *." (Italics added.)

Appellant does not precisely predicate his sole contention upon the failure of proof by respondent of the legislatively mandated conditions for maintenance. He says that the trial court erred in the award because it is excessive "and Not Supported by the Evidence in the Record." The principal issue at trial was that of appellant's net worth, obviously done for the purpose of showing his ability to pay respondent maintenance. The evidence on that issue was conflicting. Respondent produced a financial statement of appellant dated December 15, 1972, showing a net worth in excess of $700,000, and testified that he had told her at various times that he was worth a half million, a quarter of a million, or several thousands of dollars. Appellant testified the financial statement was fictitious and was made only for the purpose of securing credit. He produced balance sheets of two of his corporations showing a relatively small net worth, and testified that he owed $135,000 on a guarantee to the Commerce Trust Company, and that there was a $250,-000 default judgment for the wrongful death of two of his pilots outstanding against him. Other liabilities were testified by him, all of which indicated his insolvency. This conflicting evidence will again be for the consideration by the trial court along with the matter of credibility of the witnesses. The parties have misconceived the requirements of a maintenance award

under the statute, and there is a failure of proof of respondent's reasonable needs, her earning capacity, and the sufficiency of her property to provide for her needs. The judgment will not be reversed outright, however, because respondent should be given the opportunity to make proof of the missing elements of her right to maintenance, and if she does so sufficiently on new trial, the court should make the required findings under § 452.335. For authority to remand this case for a new trial and the taking of further proof, see *Dougherty v. Duckworth*, 388 S.W.2d 870, 876[10, 11] (Mo.1965); *Billings v. Paine*, 319 S.W.2d 653, 660[16, 17] (Mo.1959); *Feinstein v. McGuire*, 297 S.W.2d 513, 518[13] (Mo.1957); and *Gardner v. Switzer*, 353 Mo. 1124, 186 S.W.2d 561 (1945).

The judgment is reversed and the case is remanded for new trial.

All concur.