Lee S. SHRODER, Petitioner-Respondent,

v.

Bryan J. SHRODER,
Respondent-Appellant.

No. KCD 28563.

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Richard E. Watson, North Kansas City, for respondent-appellant.

Robert C. Jones, Jones & McDaniel, Kansas City, for petitioner-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The decree of dissolution of marriage made division of the property in the manner and kind suggested by the parties, set apart other property to each of them, and award-ed the wife an attorney fee. The decree also awarded the wife maintenance in gross of $12,000 payable in monthly installments of $150.

On this appeal the husband contends only that maintenance was adjudicated without the proof required by § 452.335.1, RSMo Supp.1975, that

> In a proceeding for . . . dissolution of marriage . . . the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance
>
> (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
>
> (2) Is unable to support himself through appropriate employment . . .

■ The terms of the statute condition the award of maintenance on proof that the spouse lacks present means, from property allocated from the marriage—or employment—or other sources, to meet the reasonable needs of life. The marital property divided to her included about $1650 in cash, miscellaneous personal property valued at about $13,500, and real estate of the worth of $32,000.[1] Her employment earned a net monthly wage of $389. The husband earned $1480 per month regularly and over the past five years made extra income from sheet metal work which netted about $7,000 altogether. This evidence satisfied the statutory condition for proof of the property and support available to the spouse who seeks maintenance, but shows nothing of her need for such an award.

■ The evident purpose of this statute to provide for the reasonable needs of the spouse, of course, cannot avail in the absence of proof of an actual need. The wife here made only the most general allusion to necessary expenditures, for "car repair,

---

1. These valuations are derived from the briefs of counsel. The decree merely recited the division of property without attribution of value. Since one premise for the grant of maintenance is lack of sufficient property, including the marital property apportioned by the decree [§ 452.335.1(1)], neither the trial court in the first instance, nor the appellate court on review, can adjudge the validity of the award without reference to the value of the marital assets allocated the spouse who seeks such relief. It would be of assistance to an appellate court for the trial court, either in the findings or judgment, to attribute the value found from the evidence for each marital property.

some medical, some dental, personal items
. . .", but no amounts nor indication
of expectation of recurrence, nor inability
to meet these costs from property already
available to her. In the absence of evidence
of reasonable need, a maintenance award is
not proved. *Horridge v. Horridge*, 542
S.W.2d 324, 325 (Mo.App.1976).

The cause is reversed and remanded to
the trial court for redetermination of main-
tenance.

All concur.