STATE of Missouri ex rel. Roy G. HORRIDGE, Relator,

v.

The Honorable Stephen R. PRATT, Judge of the Circuit Court of Clay County, Missouri, Division Three, Respondent.

No. KCD 29793.

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

See also Mo.App., 542 S.W.2d 324.

Max W. Foust and John F. Clisbee, Morris, Foust & Beckett, Kansas City, for relator.

Von Erdmannsdorff, Zimmerman, Gunn & Werner, Kansas City, for respondent.

Before SWOFFORD, C. J., and SHANGLER, PRITCHARD, DIXON, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

DIXON, Judge.

This extraordinary writ proceeding is a sequel to the direct appeal of the underlying dissolution proceeding, *Horridge v. Horridge,* 542 S.W.2d 324 (Mo.App.1976).

Relator seeks to prohibit the trial judge who presided in the original dissolution proceeding from hearing the issues presented upon the remand of the cause. Relator asserts that his motion for a change of judge under Rule 51.05 was improperly denied. It is conceded that the motion was timely and in proper form. The sole issue to be decided is whether the further proceedings in the court below constitute a "new trial" or a continuation of the earlier proceedings.

To sharpen this issue, it is necessary to summarize the earlier appeal and the opinion of this court deciding that appeal.

The wife filed for dissolution. The trial court heard evidence and entered a decree dissolving the marriage and awarding to the wife judgment for "Twenty-five Thousand Dollars ($25,000.00), without interest, payable as follows: (a) Five Thousand Dollars ($5,000.00) on June 1, 1974 payable to the Clerk òf this Court, (b) Five hundred Dollars ($500.00) on July 1, 1974 and Five Hundred Dollars ($500.00) on the first day of each succeeding month thereafter until the full sum of Twenty-five Thousand Dollars ($25,000.00) has been fully paid."

The husband, in the initial appeal, asserted this award was "maintenance" and was "excessive." This court noted that the trial court did not denominate the award as maintenance but, upon the apparent tacit agreement of the parties that it was maintenance, it was so reviewed. This court found that the proof at trial was insufficient to support an award of maintenance under Section 452.335 RSMo (Laws 1973, page 470, § 8), because there was no evidence of the wife's needs, nor of the insufficiency of her property or income to meet those needs. On the issue of excessiveness, this court noted that the evidence of the husband's net worth was conflicting. As to that issue, this court said, "This conflicting evidence will again be for the consideration by the trial court along with the matter of the credibility of the witnesses." *Horridge, supra,* at 325.

The court then held as follows:

"The parties have misconceived the requirements of a maintenance award under the statute, and there is a failure of proof of respondent's reasonable needs, her earning capacity, and the sufficiency of her property to provide for her needs. The judgment will not be reversed outright, however, because respondent should be given the opportunity to make proof of the missing elements of her right to maintenance, and if she does so sufficiently *on new trial*, the court should make the required findings under § 452.-335. For authority to remand this case for a *new trial and the taking of further proof*, see *Dougherty v. Duckworth*, 388 S.W.2d 870, 876 [10, 11] (Mo.1965); *Billings v. Paine*, 319 S.W.2d 653, 660 [16, 17] (Mo.1959); *Feinstein v. McGuire*, 297 S.W.2d 513, 518 [13] (Mo.1957); and *Gardner v. Switzer*, 353 Mo. 1124, 186 S.W.2d 561 (1945).

The judgment is reversed and the *case is remanded for new trial." Horridge, supra,* at 325. (Emphasis supplied).

Relator urges that this opinion summarized above constitutes a remand for a new trial. The argument is supported by citation of *Feinstein v. McGuire*, 312 S.W.2d 20 (Mo.1958), which relator urges as authority for the proposition that the language from our opinion set forth above constitutes a setting aside of the prior judgment of the trial court and necessitates a new trial of the issue.

Respondent counters by suggesting that *Feinstein* is distinguishable because there an amended petition had been filed, and the court considered the issues as indivisible. Respondent further argues that since Chapter 452.360 RSMo 1969, as amended in 1974, provides that a decree of dissolution unappealed from becomes final; and, since an appeal is permitted from the property portions of the decree (as occurred in the instant case), the remand on the property issues can only be an extension or continuation of the original proceedings.

Clarity requires that the new procedures established by the Legislature for dissolution of marriage be examined to see if those procedures make inapplicable general principles involved in the reversal and remand for new trial to the trial court.

■ It is beyond cavil that the Legislature intended for the decree in a divorce case to be divisible for the purposes of finality. The statutory language asserting the finality of an unappealed from decision of dissolution and the granting of a right of appeal from either provisions as to property, or maintenance, or as to custody, despite that finality of judgment accorded the dissolution portion of the decree, makes it clear that such portions of the decree are separable.

A recent line of cases has considered the question of finality as to the property portions of the decree when no division or an imperfect division of marital property has been made. *Walker v. Walker*, 553 S.W.2d 520 (Mo.App.1977); *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977); *Pendleton v. Pendleton*, 532 S.W.2d 905 (Mo.App.1976). These cases uniformly hold that the property portion of the decree is not final without such a division of marital property and that an appeal will not lie from that portion of the decree which lacks finality. Such holdings do not and could not affect finality of the unappealed decree of dissolution which, by statute, becomes a final decree and again indicates the separability of the issues in a dissolution proceeding.

By analogy, the portions of the dissolution decree may be considered as recovery upon different counts of a single petition, a situation where the law has long recognized finality as to one count not inhibiting appeal or retrial of another count. *Truck Insurance Exchange v. Great Northern Electric Co.*, 284 S.W.2d 60 (Mo.App.1955).

So also, the courts have divided issues for retrial in cases where but a single cause of action has been pleaded. In *Strickland v. Barker*, 436 S.W.2d 37 (Mo.1969), the court reversed for new trial on the issue of liability and held in abeyance the jury verdict on damages pending the determination on new trial of the issue of liability. Nor has such division of issues been limited to cases of

damage and liability. In *Perkins v. Perkins*, 236 Mo.App. 616, 157 S.W.2d 253 (1942), the court, on the appeal of a plaintiff-wife from an adverse judgment in a separate maintenance action, divided the issues. The court entered a judgment of abandonment without good cause and reversed and remanded for a trial on the issue of the amount to be paid by the husband for attorney fees and support.

Counsel has cited no case where a new trial has been ordered on one count or one issue and a claim has been sustained that the retrial is limited to an extension or amplification of the evidence heard in the original trial.

The only instances where such issues have arisen are cases where the opinion and the mandate do not unequivocally order a new trial. As in *Feinstein, supra*, such an issue arises when the original opinion uses the ambiguous phrase "remanded for further proceedings in accordance with the views herein expressed." *Feinstein, supra*, at 22. The opinion and mandate in this case exhibit no such ambiguity, both explicitly ordering a "new trial." The scope of such a new trial was set forth in *Nilges v. Nilges*, 564 S.W.2d 262 (Mo.App.1978), where the court pointed out that it was not ordering a piecemeal consideration of one item but remanding for the trial court to exhaust its jurisdiction which would involve consideration of a new record.

 The *Feinstein* court, where the opinion was ambiguous, still held that a new trial of the issues was intended. As to the claim by respondent that *Feinstein* is distinguishable since the court considered the issue of adverse possession to be indivisible into separate periods of time, this argues in favor of the application of the principle to the instant case. The issue of maintenance is interwoven with and inseparable from the issues of the ownership of property, both separate and that which is marital and thus divisible. The statute itself so provides. Section 452.335(1) RSMo 1969.

It must be held that the previous opinion and mandate ordered a "new trial" on the issue of the wife's maintenance and that the remand was for that purpose and not for the taking of limited evidence to amplify the prior record. So holding, there seems to be little question that respondent should have granted the relator's request for a change of judge. Rule 51.05 is similar to Rule 30.12 relating to change of judge in criminal cases. Rule 30.12 has been construed to permit a change of judge on remand for new trial. *State v. Sullivan*, 486 S.W.2d 474 (Mo.1972). There, pursuant to a remand for a new trial after two previous trials before the same judge, the defendant moved for a change of judge in timely fashion. A change was denied, and the defendant's conviction was reversed on appeal. The court held that the language of Rule 30.12 was clear and applied no matter how many previous trials had occurred. No reason appears why Rule 51.05 should not receive the same construction.

The preliminary rule in prohibition is made absolute. The rule as issued shall prohibit the respondent from any further action in the case except to grant the request of relator for a change of judge.

All concur.