**Betty Lou POAGUE, Appellant,**

v.

**Robert Earl POAGUE, Respondent.**

**No. 29893.**

Missouri Court of Appeals,
Western District.

April 2, 1979.

Jack Cochran, Blue Springs, for appellant; Cochran, Tyree, Oswald, Miller, Barton & McDonald, Blue Springs, of counsel.

Charles C. Curry, Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, and WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

In this dissolution proceeding the trial court awarded a new trial on the sole issue of the marital misconduct of either party, ordering that the decree of dissolution entered on October 6, 1977, remain in full force and effect, except for those findings and orders pertaining to the division of marital assets and liabilities.

The dispositive issue (Point II) is whether under the particular facts of this case the trial court erred in limiting the new trial to the issue of marital misconduct when appellant had requested a new trial on all issues pertaining to maintenance and a division of marital property. The trial court awarded appellant maintenance in gross of $4,950.00, payable in 18 monthly installments of $275.00 each, which she also says (Point I) was error because there was no evidence of impending change in the parties' financial condition at the time of the termination date (the last installment).

The facts are these: The parties were married September 16, 1949. At the time of the dissolution, September 1, 1977, the four children born of the marriage were emancipated, therefore, no provision was made for child support or custody.

Appellant had worked sporadically during the marriage, and at the time of trial, she was earning $135.00 gross per week from her employment. She had never earned more than that amount. Respondent was a truck driver and was earning $500 to $525 gross per week, except when he occasionally laid off a trip because of a back disability, at which times his income would be reduced to about $350 per week.

■ Appellant, in her initial testimony, touched briefly on respondent's misconduct in beating her on more than one occasion. Marital misconduct is a factor to be considered by the court in making a division of marital property under § 452.330, subsec. 1(4), Laws Mo.1973; *In re Marriage of Galloway*, 547 S.W.2d 193, 196[4–7] (Mo.App. 1977). Marital misconduct of a party seeking maintenance is also a factor to be considered under § 452.335, as is the financial resources of that party, including the award of marital property. Thus, the division of marital property is a factor also to be considered in awarding maintenance to a needy spouse. *Shroder v. Shroder*, 552 S.W.2d 342, 343 [1-Footnote 1] (Mo.App.1977).

■ Rule 78.01 (adopted April 10, 1974, effective Jan. 1, 1975) provides: "The court may grant a new trial of any issue upon good cause shown. A new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or master. On a motion for a new trial in an action tried without a jury, the

court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment." Under this rule, the trial court clearly had the authority to grant a new trial on less than all the issues. That authority, however, is tempered as to whether the issue to be tried, and other issues in the case, are interrelated and dependent one upon the other as is the situation here. As noted in the cases cited, supra, marital misconduct bears upon the division of marital property, the amount thereof, in turn, bearing upon the amount of maintenance to be awarded. See also *Forsythe v. Forsythe*, 558 S.W.2d 675, 679[11] (Mo.App.1977). The court therefore erred in limiting the new trial to a determination of marital misconduct as that issue bears upon the division of marital property only.

The issue of maintenance must be retried, and in that connection, appellant is correct in her assertion that there was no evidence submitted which would justify limiting her maintenance to installments for only 18 months, termed by the trial court to be "rehabilitative maintenance." The trial court was authorized by § 452.335, subsec. 1.(2), to consider "The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment." However, "Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur." *In re Marriage of Powers*, 527 S.W.2d 949, 956[12] (Mo.App.1975). See also *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501, 505[3–5] (Mo. App.1977). Upon new trial, the court may receive evidence upon the issue of appellant's ability (considering her age, shown to be 47 years), and time necessary to acquire education or training to find employment. If there is no such evidence of appellant's future improvement in her financial prospects, no decree of maintenance of limited duration should be entered. It should then be of unlimited duration, the amount of which might be subject to modification if appellant's financial condition should in fact improve. It is noted that this record shows that the amounts awarded will be substantially short of appellant's needs, while respondent's obligations are well under his net income. The court should consider also the valuation of respondent's separate, nonmarital property in determining his ability to provide appellant with maintenance sufficient for her needs.

The judgment is reversed and the cause remanded with directions that the new trial shall cover the issues of marital misconduct as it bears upon a division of marital property, and as that division may bear upon the amount of maintenance; for a consideration of appellant's reasonable opportunity to improve her financial condition as that issue might bear upon her right to permanent maintenance; and for a consideration of respondent's entire resources as they might bear upon his ability to pay maintenance.

All concur.