**Jana A. FREEMAN, Appellant,**

v.

**J. Lauren FREEMAN, Respondent.**

**No. KCD 29990.**

Missouri Court of Appeals,
Western District.

July 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 1979.

Application to Transfer Denied Oct. 10, 1979.

Larry M. Brummet, Lucia K. Leggette, Kansas City, for appellant.

Arthur H. Stoup, K. Suzanne Bocell, Stoup & Bohm, Kansas City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Jana Freeman filed an action for dissolution of her marriage with Lauren Freeman. The court ordered the marriage dissolved, divided the marital property, denied Jana maintenance and ordered Lauren to pay Jana's attorney fees.

On this appeal Jana contends the court erred in its division of marital property and in denying her maintenance. Jana and Lauren were married in October, 1970, and separated in February, 1977. There were no children born of this marriage. Lauren is the sole stockholder of Freeman Mortuary, Inc., and Freeman Pre-Need Plan, Inc. In addition, Lauren owns the real estate upon which Freeman Mortuary is located and leases the same to the corporation. The court found the real estate and stock in both corporations were the separate property of Lauren since they were acquired by him prior to the marriage. The only evidence concerning the value of the real estate was the valuation placed on it in 1967 in the probate proceedings of Lauren's father. At that time it was valued at $184,420.

Jana did testify that Lauren had told her of a recent offer to sell the real estate for $450,000. However, Lauren denied this and the court, in its findings of fact, found this evidence was not a sufficient basis for valuation. Jana introduced other evidence to show development in the area of the mortuary, both by new business and new construction. Lauren was asked the current value of the real estate but denied any knowledge of its present value and further denied any knowledge of increased value since 1967.

One of the factors to be considered in the division of marital property is the value of the property set apart to each spouse. Section 452.330.1(2), RSMo 1978. This factor was considered in *Cain v. Cain*, 536 S.W.2d 866 (Mo.App.1976) and upon a finding in that case of an increase in the value of the husband's separate property the court increased the award of maintenance.

It is impossible to review the division of marital property made in this case without evidence of the current value of the real estate constituting separate property belonging to Lauren. The trial court found the only marital property to be the residence of the parties with a net equity of $47,235. The court awarded Jana $16,000 as her interest in the marital property. The value of Lauren's separate real estate on which the mortuary is located must be considered in reviewing the division of marital property and without a current valuation of that property such a review is not possible.

Jana also complains of the failure of the court to award her maintenance. One of the factors to be considered in an award of maintenance is the amount of marital property apportioned to the spouse. Section 452.335, RSMo 1978. Without knowing the amount of marital property which the trial court may award to Jana on a retrial it is impossible to review the refusal to grant her maintenance.

The judgment dividing the marital property and refusing to grant Jana maintenance is reversed and remanded for a new trial on those issues. *V.M. v. L.M.*, 526 S.W.2d 947 (Mo.App.1975). See also *Forsythe v. Forsythe*, 558 S.W.2d 675 (Mo.App. 1977) and *Horridge v. Horridge*, 542 S.W.2d 324 (Mo.App.1976).

The judgment in all other respects is affirmed.

All concur.