SNYDER, Judge.
The former wife appeals from the decree dissolving her 27 year marriage, challenging the trial court’s award of spousal maintenance in gross and attorney fees. The trial court’s judgment is affirmed.
The decree awarded the wife custody of the three remaining unemancipated minor children of the six who were born of the marriage. The husband was ordered to pay child support in the amount of $25 per week for each of the three unemancipated children and to maintain existing medical insurance coverage for them. The wife was awarded a 1973 automobile and the family home, together with its furnishings, as her share of the parties’ property. The husband was awarded a 1977 pickup truck, a 1972 motor home and a 1972 boat. The husband was ordered to pay all existing family debts except for $6,038 owed to the wife’s mother which the wife was ordered to assume. The trial court also awarded the wife maintenance in gross of $2,400 to be paid in installments of $100 per month for 24 months. The trial court found the wife’s reasonable attorney fees to be $900 and ordered the husband to pay $450 of the $900.
The judgment of the trial court must be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or unless it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32[1-3] (Mo. banc 1976). Rule 73.01. The wife charges the trial court’s judgment was not supported by substantial evidence.
In her first contention upon appeal the wife argues the trial court erred in providing for prospective termination of spousal maintenance because none of the evidence in the case would support a conclusion that her circumstances would improve or the husband’s circumstances would worsen in the future. This point is ruled against the wife.
The first fact to be considered is that the trial court did not award periodic maintenance and a termination of that maintenance after a specific number of months had passed. The court instead awarded the wife $2,400 as maintenance in gross, but permitted it to be paid at the rate of $100 per month for a period of 24 months. The money result may be the same but the legal effect of the trial court’s designation of an award as maintenance in gross is not the same as the legal effect of an award of periodic maintenance to be terminated at a future date. The statutes authorize an award of maintenance in gross. §§ 452.080 and 452.335, RSMo 1978. Carr v. Carr, 556 S.W.2d 511, 512[1] (Mo.App.1977). Thus, the question presented on review is whether there was substantial evidence to support the award of $2,400 as maintenance in gross. The wife was awarded the house, the furnishings and appliances and a 1973 Pontiac automobile. In addition, the husband was ordered to pay the debts of the parties including sums still owed upon the house, the furnishings and the appliances. The wife was ordered to assume an unsecured debt to her mother in the amount of $6,038, a debt about which there was some question inasmuch as there was nothing in writing to prove its existence and the husband testified that the money was given to the couple by the wife’s parents. The husband was awarded a 1977 pickup truck, a 1972 motor home and a 1972 boat. It is possible that the trial court, in considering the various awards, decided to award the $2,400 alimony in gross to aid in the payment of the debt to the mother or to even out the awards of personal property made *315 to the parties. At any rate there was substantial evidence in the record, when the property awards and the debts of the parties are considered, to support the award of maintenance in gross.[1]
In her second point relied on the wife argues the trial court erred in ordering the husband to pay only $450 of the $900 which the court found to be the wife’s reasonable attorney fees. This contention is also ruled against her.
The trial court possesses considerable discretion in determining whether and what amount of attorney fees should be awarded. Kieffer v. Kieffer, 590 S.W.2d 915, 918-919[6-7] (Mo. banc 1979). If the wife possesses sufficient means to maintain or defend the action and the husband possesses the ability to pay the award of attorney fees assessed against him, the trial court is within its discretion if it determines the wife could more easily pay half the attorney fees than could the husband absorb the total. Kieffer, supra. Given the financial circumstances of the parties here, Kieffer is dispositive. The trial court’s discretion was not abused.
The judgment is affirmed.
CRIST, P. J., and REINHARD, J., concur.

. The issue was termination of periodic maintenance in all of the cases cited by the wife. LoPiccolo v. LoPiccolo, 547 S.W.2d 501 (Mo.App.1977); C. B. H. v. R. N. H, 571 S.W.2d 449 (Mo.App.1978); Poague v. Poague, 579 S.W.2d 822 (Mo.App.1979). Poague seems to support the wife’s position, but it is distinguishable. There the trial court granted “maintenance in gross” but termed it “rehabilitative maintenance,” a factor not present here.