Roy G. HORRIDGE, Appellant,

v.

Diane J. HORRIDGE, Respondent.

No. WD 31456.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1981.

Application to Transfer Denied
July 14, 1981.

Max W. Foust and John F. Clisbee, Morris & Foust, Kansas City, for appellant.

Max Von Erdmannsdorff, Von Erdmannsdorff, Zimmerman, Hankins & Shank, Kansas City, for respondent.

Before MANFORD, P.J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

This is the petitioner Roy G. Horridge's third of a series of trips to this court arising from an action he commenced in 1974 in Clay County for dissolution of his marriage to Diane J. Horridge. The first was an appeal protesting the award of $25,000.00 to Diane in the 1974 decree of dissolution. On August 30, 1976, this court reversed that judgment and remanded the case for new trial. *Horridge v. Horridge*, 542 S.W.2d 324 (Mo.App. 1976) (hereinafter *Horridge I*). Subsequently, Roy filed on original action in prohibition in this court. In that case, we issued and made absolute a rule prohib-

iting the original trial judge from taking further action in the case except to grant Roy's request for a change of judge. *State ex rel. Horridge v. Pratt,* 563 S.W.2d 168 (Mo.App. 1978) (hereinafter *Horridge II*). The case was then transferred to Ray County where, after another trial, a second judge awarded the sum of $25,000.00 to Diane as maintenance in gross, generating this appeal. With the utmost reluctance, we now must dismiss the appeal and remand the case to the trial court for further proceedings.

■ The second judge bottomed his decision to award maintenance in gross on what he perceived to be the mandate of *Horridge I* to give Diane "'... the opportunity to make proof of the missing elements of her right to Maintenance, and if she does so sufficiently on new trial, the Court should make the required findings under § 452.-335.'" The judgment entry from which this appeal is taken warrants belief that the trial judge misread the mandates of this court in the earlier cases. In any event, the evidence, including that of the value of the property owned by the parties, is insufficient to support the judgment. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. en banc 1976).

The parties were married in 1966 and separated in 1973. They had no children. During the course of the marriage Diane continued her employment as a flight attendant. Roy was a pilot in a charter service as well as a speculator in aircraft and real estate. Roy's business ventures were undertaken in the names of various corporations.

In his amended petition for dissolution, Roy alleged that the parties had equitably divided their property and had substantially the same income. Diane responded that she lacked sufficient property, including marital property, and lacked the earning capacity to provide for her needs. She prayed for maintenance and for a division of the marital property.

At the Clay County trial in April, 1974, Roy and Diane were the only witnesses. Each gave evidence of the respective financial conditions of the parties. This court in *Horridge I, supra* at 325, further described that trial:

The principal issue at trial was that of appellant's net worth, obviously done for the purpose of showing his ability to pay respondent maintenance. The evidence on that issue was conflicting. Respondent produced a financial statement of appellant dated December 15, 1972, showing a net worth in excess of $700,000, and testified that he had told her at various times that he was worth a half million, a quarter of a million, or several thousands of dollars. Appellant testified the financial statement was fictitious and was made only for the purpose of securing credit. He produced balance sheets of two of his corporations showing a relatively small net worth, and testified that he owed $135,000 on a guarantee to the Commerce Trust Company, and that there was a $250,000 default judgment for the wrongful death of two of his pilots outstanding against him. Other liabilities were testified by him, all of which indicated his insolvency.

Thereafter, the trial court entered its decree which contained the following provision for Diane: "Respondent is awarded judgment and execution as due against Petitioner in the sum of Twenty-five Thousand Dollars ($25,000.00)...." The decree did not specify whether that award was for maintenance or a part of the division of marital property. That omission has proved to be irksome to the parties, to this court and the second trial court. Furthermore, although the decree awarded each of the parties other property, the trial court placed no value on any of that property.

In June, 1974 Roy appealed the $25,000.00 award to Diane. This court took note of two confusing aspects of the case: the conflicting evidence of Roy's net worth mentioned above and the lack of specificity as to the nature of the award to Diane. We reversed the judgment and remanded the case for new trial with the following observations and directions, at 324–25:

Although the trial court did not denominate the award as "maintenance" the

appellant so treats it in his brief. It is noted that in her petition, respondent pleaded that she "lacks sufficient property and earning capacity, including any marital property awarded to her, to provide for her needs and is unable to support herself through employment, whereas Roy Horridge is well able to contribute to her maintenance."

. . . .

The parties have misconceived the requirements of a maintenance award under the statute, and there is a failure of proof of respondent's reasonable needs. The judgment will not be reversed outright, however, because respondent should be given the opportunity to make proof of the missing elements of her right to maintenance, and if she does so sufficiently on new trial, the court should make the required findings under § 452.335.

Further addressing the issue of Roy's assets, the court at 325 gave the following direction: "This conflicting evidence will again be for the consideration by the trial court along with the matter of credibility of the witnesses."

In 1978 Roy made his second appearance in this court in an extraordinary writ proceeding in which he sought to prohibit the trial judge who presided in the original proceeding from hearing the case on remand. *Horridge II, supra.* This court at 169 found that the dispositive issue in granting the writ of prohibition was "whether the further proceedings in the court below constitute a 'new trial' or a continuation of the earlier proceedings". The court held at 171:

. . . that the previous opinion and mandate ordered a "new trial" on the issue of the wife's maintenance and that the remand was for that purpose and not for the taking of limited evidence to amplify the prior record. So holding, there seems to be little question that respondent should have granted the relator's request for a change of judge.

In its explanation of the holding in *Horridge I,* the opinion noted that, "The *issue of maintenance is interwoven with and inseparable from the issues of the ownership of property,* both separate and that which is marital and thus divisible. The statute[1] itself so provides." *Horridge II* at 171. (Emphasis added)

Upon stipulation of the parties and pursuant to Rule 51.02 a change of venue to Ray County was granted on February 16, 1979. The case was heard on June 1, 1979.

Diane was the sole witness at the new trial. Her testimony relating to her reasonable needs at the time of the dissolution in 1974 was of a general nature but revealed that she was requesting maintenance for purposes of obtaining household items, housing, an automobile, and homeowner's insurance. In addition, Diane testified to her need for funds to make utility deposits and to pay for medical treatment for a

---

1. Section 452.335 (as effective January 1, 1974) reads as follows in relevant part:

1. In a proceeding for nonretroactive invalidity, dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment. . . .

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently. . .;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(7) The conduct of a party seeing maintenance during the marriage.

chronic back injury. Although in the original decree Roy had been ordered to provide Diane with a late model automobile for two years following the dissolution, he did not do so. Therefore, Diane had unmet transportation expenses. This evidence of need was only marginally developed. The trial court and this court would have been immeasurably assisted by more carefully drawn testimony.

■ Section 452.335 governs an award of maintenance. The statute allows a great deal of discretion to the trial court. *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App. 1975). The court, nevertheless, must know whether the childless spouse seeking maintenance lacks sufficient property to meet her reasonable needs and is unable to support herself through appropriate employment. Diane's property, including marital property apportioned to her, consisted of assets totaling $20,000.00, most of which was liquid and income-producing, her clothes, some jewelry, and a few pieces of furniture. Her net earnings for 1973 were $8,170.35 and for 1974, the year of the dissolution, $9,103.54. A spouse "is not required to dispose of her assets or consume her part of the marital property for living expenses before she would be entitled to maintenance." *P. A. A. v. S. T. A.*, 592 S.W.2d 502, 504 (Mo.App. 1979); *In re Marriage of Schulte*, 546 S.W.2d 41, 49 (Mo.App. 1977); *In re Marriage of Powers, supra* at 955. The trial court had the discretion, therefore, to find that Diane lacked sufficient property and income from her employment to provide for her reasonable needs.

This court is concerned, however, to find that apparently neither the parties nor the trial court in the second trial understood the mandate of *Horridge I* or the explanation of that mandate in *Horridge II.* The latter expressly reopened the case for a new trial. Had it not done so, Roy's request for a change of judge would have been untimely, *State ex rel. Darling & Co. v. Billings*, 435 S.W.2d 377 (Mo. en banc 1968), and the writ of prohibition denied, *Horridge II, supra* at 171.

■ In this case, assuming she could have kept her job despite her back ailment, Diane clearly had enough income from her employment to provide *minimal* support for herself, although apparently not at the marital standard of living of the parties. The simple historical fact that two trial judges have awarded her $25,000 indicates that they must have thought that upon this dissolution she was entitled to some financial consideration from Roy to meet her "reasonable needs". Whether the awards were based upon Roy's and Diane's marital standard of living, the length of their marriage, her disability, his financial resources, or a combination of such factors does not appear. Such awards and their amounts are discretionary with the trial court, but any award must be "made within . . . a reasonable tolerance of proof." *Hall v. Hall*, 553 S.W.2d 864, 869 (Mo.App. 1977).

■ We cannot now determine the propriety of the latest $25,000 award because the record does not show sufficient facts pertaining to the value and nature of marital and non-marital property. On appeal of an award of maintenance, the factors to be considered include the amount of marital property apportioned to the spouse who is to receive the maintenance. *Freeman v. Freeman*, 586 S.W.2d 386 (Mo.App. 1979). Likewise, the valuation of the separate, non-marital property of the spouse to be charged with payment is relevant to consideration of a maintenance award in that it may illuminate the ability of that spouse to pay. *Poague v. Poague*, 579 S.W.2d 822, 824 (Mo.App. 1979). Of course, under § 452.335.1 the trial court must have had evidence to support a finding as to the reasonable needs of the spouse seeking maintenance and the inability of that person to meet those needs, whether by us of marital property or by self-support. If the evidence supports those findings, the court must apply the provisions of § 452.335.2 to determine the amount and duration of maintenance. Factors to be considered include the parties' marital standard of living, *C. B. H. v. R. N. H.*, 571 S.W.2d 449, 455 (Mo.App. 1978), and the ability of the paying spouse to pay. Clearly, *all* of the prop-

erties and their respective values of both spouses must be in the record before the trial court can make a final judgment as to a maintenance award or the appellate court can assess its correctness. Thus "[t]he issue of maintenance is interwoven with and inseparable from the issues of ownership of property....", *Horridge II* at 171.

This court only recently in *In re Marriage of Wineland*, 609 S.W.2d 464, 467 (Mo.App. 1980), concluded that, aside from the unappealed issue of the dissolution itself, the remainder of a dissolution decree cannot be divided, some portions found final and reviewable and others not. Accordingly, the court dismissed the appeal. In doing likewise, we are remanding the case to the trial court thereby restoring the trial court's full jurisdiction of the case for any proceedings necessary for that court to determine all issues in the case other than the dissolution itself. The trial court may then make its findings as to the division, value and character, as marital or nonmarital, of the property of each party as well as its findings regarding an award for maintenance or any other allowance to Diane in order to effect the appropriate distribution of the property of the parties. See *Corder v. Corder*, 546 S.W.2d 798 (Mo.App. 1977). Upon entry of corrected findings concerning property division and the allowance of maintenance, if any, the parties, if they so desire, may reinstate the appeal and request acceleration, thus eliminating further delay and expense. *New Style Homes, Inc. v. Fletcher*, 600 S.W.2d 634 (Mo.App. 1980).

Accordingly, this appeal is dismissed and the case is remanded to the trial court for further proceedings on all unresolved issues.

All concur.

