Peggy Lou PENDLETON, Respondent,

v.

Tommy Lee PENDLETON, Appellant.

No. 9849.

Missouri Court of Appeals,
Springfield District.

Jan. 28, 1976.

Dan L. Birdsong, Thomas & Birdsong, Rolla, for appellant.

Melvin E. Carnahan, Rolla, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

HOGAN, Judge.

Appeal is taken from the child custody provisions of a decree dissolving the mar-

riage of Peggy Lou Pendleton, mother of the children, and Tommy Lee Pendleton, their father. The trial court awarded custody of the parties' two minor children to their maternal grandparents. Neither appellant nor respondent questions the other provisions of the decree.

Respondent's petition alleges jurisdictional residence, her marriage to appellant in 1961, her separation from appellant on July 30, 1974, the existence of two minor children born of the marriage, and the irretrievable breakdown of the marriage. Prayer of respondent's petition is for dissolution of the marriage, custody of the children and for general relief.

Appellant's answer and crossbill admit the substantive allegations of the petition except as to custody of the children. Affirmative allegations of the crossbill are that the respondent is unfit to have custody of the children and that respondent deserted the appellant. Prayer of the answer and crossbill is for dissolution of the marriage, custody of the children and for "such further orders as to property and visitation as are just and proper in the circumstances."

Trial of the cause to the court was had on September 23, 1974, and on that day the trial court entered a decree of record reciting personal appearance of the parties, jurisdiction of the res and a finding that the marriage was irremediably broken. The court awarded custody of the two minor children to their maternal grandparents; ordered appellant to pay the sum of $25 per week to the grandparents as child support; provided both parties should have reasonable rights of visitation, and then ordered:

> "[T]hat property and property rights of the parties hereto should not be ordered distributed at this time but be left for the later settlement and distribution of the parties themselves." (Emphasis added)

Rule 81.01, V.A.M.R., states that the right of appeal shall be as provided by law. Section 512.020, RSMo 1969, V.A.M.S.,

limits the general right to appeal, with exceptions not here material, to final judgments or special orders after final judgment and provides that an appeal taken before final judgment does not prejudice the right to review after final judgment is entered. Rule 81.06 provides that in bench-tried cases the court may sever a particular claim made in a cause, try that claim, and designate its judgment final and appealable. No such order or separate trial was had here; we need not and do not decide whether, under our Divorce Reform Act, Laws of Mo.1973, p. 470, the issues of dissolution, disposition of property, and custody and maintenance of children are severable. See *Putnam v. Fanning*, 495 S.W.2d 175, 176[2][3] (Ky.1973). The record before us shows on its face that the trial court has not exhausted its jurisdiction, and therefore it can, upon proper notice, vacate, modify or correct any part of the decree entered. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232[5] (Mo. banc 1969). We do not believe the trial court could abdicate its jurisdiction to decide the parties' property rights and do not so hold; we read the quoted part of the decree as leaving the determination of property rights to a written agreement between the parties, to be approved by the trial court. In any event, the decree is not final, the trial court has not exhausted its jurisdiction, and we may not exercise ours. *Green v. Green*, 240 S.W.2d 741, 742–743[3, 4][5–7] (Mo.App. 1951).

The appeal is dismissed.