**Claude ANSPACH, Appellant,**

v.

**Mary Jane ANSPACH, Respondent.**

**No. 37634.**

Missouri Court of Appeals,

St. Louis District,

Division Two.

Aug. 16, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

---

Julius H. Berg, St. Louis, for petitioner-appellant.

Frank Bild, St. Louis, for respondent.

STEWART, Judge.

The marriage of the parties was dissolved after 19 years. The court granted custody of the sons, Garrett age 13 and Gregg age 17, to the wife and Gary age 15 to the husband. The wife was awarded $100.00 per month for support for each of the children under her custody, $375.00 as attorney's fee, and $10,000.00 as maintenance in gross. The maintenance to be payable at the sum of $100.00 per month. The court divided the marital property as set out hereafter. The husband contends that the court erred in: (1) awarding maintenance, (2) making a grossly unequal division of marital property, (3) ordering him to pay child support in an amount which was unreasonable and excessive, and (4) ordering him to pay his wife's attorney fee.

Both parties were employed. The wife's employment began about six months after the parties were married. Prior to the trial, the parties listed their net pay. The husband's take home pay after deductions, which included a deduction for retirement, was $375.00 biweekly. When the wife's income and expense statement was drawn, she had a take home of $139.00 per week. She received a gross increase of 14 cents per hour prior to the date of trial. There was no evidence of her net pay after the raise.

At the time of the separation of the parties, about 10 months before trial, the husband had in his name a savings account of

$2,400.00, three motorcycles, two insurance policies, one with a cash value of $1,000.00, and a 1967 Rambler automobile. He had two deer rifles, one shotgun, one .22 rifle, some hand tools and power tools. These assets were acquired during the marriage and are marital property. He also has an interest in a retirement fund, the value of which was not developed.

Following the separation Mr. Anspach withdrew the $2,400.00. He testified that he spent $1,500.00 for "restoring and custom building" a 1967 Triumph motorcycle, which he valued at $1,200.00. The rest of the cash was spent on clothes, furniture and fees. He claims to have sold a 1972 Harley-Davidson motorcycle for $800.00 to his nephew, who in turn sold it for $1,900.00. Mr. Anspach had paid $3,000.00 for it three years before trial. The 1972 Kawasaki was valued at $300.00. Mr. Anspach also surrendered one of his insurance policies for the cash value of $1,000.00.

The parties owned a home as tenants by the entireties. The note secured by deed of trust on the home had a balance due of $11,000.00. The house was valued by Mrs. Anspach at $27,500.00. Her husband placed a higher value upon the house. The court could have found the value to be $27,500.00. They also had a '65 Ford.

During the marriage, the wife used all of her income on household expenses including clothing for herself and the children. Mr. Anspach made the payments on the note on the home. Before they purchased their present home, they had owned another. The payments on their first home were $134.00 per month. Payments on the home they presently own are $167.00 per month. He also paid the insurance premiums in the amount of $25.50 per month.

In making a division of the marital property, the court awarded Mrs. Anspach the family home along with the furniture and furnishings then in the home and the 1965 Ford automobile.

The court awarded Mr. Anspach the 1967 Rambler, the Triumph and the Kawasaki [1] motorcycles, the remaining life insurance policy, and the hand and power tools.

No mention was made of the firearms or of the retirement benefits. The court also made the awards for support, maintenance in gross, and attorney's fees as set out above.

In making the award for maintenance it would appear that the court was attempting to adjust the financial equities as between the parties. *See McCully v. McCully*, 550 S.W.2d 911 (Mo.App.1977). However, at the outset we are met with a threshold question of whether the court entered a final judgment. If the judgment is not final, we have no jurisdiction. *L.F.H. v. R.L.H.*, 543 S.W.2d 520 (Mo.App.1976).

There is evidence of record that Mr. Anspach has had funds withheld from his paycheck for his "retirement." No disposition has been made of his interest in that fund, if any. We also note that no disposition was made of the fire arms, which Mr. Anspach had in his possession.

■ The Dissolution of Marriage Act has still not been fully interpreted. It is an innovative statute, which has, as one of its primary purposes, the complete determination of the rights of the parties with respect to all property that was brought into the marriage and all property acquired during the marriage. *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977). Section 452.330, RSMo Supp. 1975, provides in part that: "[T]he court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors . . .." The court must first determine the status of all of the property of the parties. As to each asset, or class of assets, the court must make a finding as to whether it is the property of a spouse individually, or whether it is marital property in accordance with the terms of § 452.330–2,

1. Mistakenly listed in the decree as Yamasaki.

RSMo Supp. 1975, *L.F.H. v. R.L.H.*, 543 S.W.2d 520 (Mo.App.1976).

■ When the status of the property of the parties is left undetermined and undistributed, the court has not exhausted its jurisdiction; its judgment is not final and appealable; and the court can, upon proper notice, vacate, modify, or correct any part of its decree. *Pendleton v. Pendleton*, 532 S.W.2d 905, 906[2] (Mo.App.1976). *See, e. g., L.F.H. v. R.L.H.*, 543 S.W.2d at 521; *Corder v. Corder*, 546 S.W.2d at 800. It is readily apparent that the failure on the part of the parties to make a full disclosure of all assets, irrespective of the status of the property, can have far reaching future consequences.

■ The trial courts are in no position to prepare the case for the parties and present the evidence. They must render their judgment upon the evidence that the parties present to them. In order to achieve the purpose of § 452.330, RSMo Supp. 1975, and to bring a dissolution proceeding to a final conclusion, the parties must advise the court of all of the property in which they or either of them claim an interest.

■ In this case there is evidence of record that Mr. Anspach had some interest in a retirement program. An employee's interest in a profit sharing or retirement fund can be marital property within the intent of § 452.330, RSMo Supp. 1975; *Robbins v. Robbins*, 463 S.W.2d 876 (Mo.1971); *Jaeger v. Jaeger*, 547 S.W.2d 207 (Mo.App. 1977); *In Re Powers*, 527 S.W.2d 949 (Mo. App.1975). It thus appears that the interest in the retirement fund may constitute property which is either the sole property of the husband or marital property. If the issue is not resolved, the judgment in this case cannot become final. Because the status of the interest in all of the property of the parties was not determined and set apart as the separate property of one of the parties, or divided, we reluctantly conclude, that there was no final judgment. The appeal is dismissed and the case is remanded for further proceedings consistent with this opinion.

McMILLIAN, P. J., and RENDLEN, J., concur.