**Frances R. NILGES,
Petitioner-Respondent,**

v.

**James W. NILGES,
Respondent-Appellant.**

**No. 37174.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 31, 1978.

Rehearing Denied March 10, 1978.

William J. Fletcher, Clayton, for respondent-appellant.

Ellsworth Cundiff, Jr., St. Charles, for petitioner-respondent.

STEPHAN, Judge.

This case, which involves the dissolution of the marriage of the parties, was tried more than three years ago. Owing to delays on the part of the court reporter, some of which may be excusable, the transcript was not filed in this court until August of 1977. It was later discovered that the volumes filed at that time did not comprise the full transcript, and the missing portions were filed after argument. The languorous pace of this litigation makes it all the more regrettable that the appeal must be dismissed and the case remanded to the trial court.

■ The trial court properly found the parties' marriage to be irretrievably broken and decreed it dissolved. However, in spite of evidence that appellant was a beneficiary of a retirement program, the trial court made no finding of fact or conclusion of law concerning the program. In failing to consider a potentially valuable asset, evaluate and allocate it as required by § 452.330, RSMo Supp.1975, the trial court failed to enter a final, appealable judgment. We are, therefore, without jurisdiction.[1] *Anspach v. Anspach,* 557 S.W.2d 3, 5 (Mo.App. 1977); *L. F. H. v. R. L. H.,* 543 S.W.2d 520 (Mo.App.1976).

Appellant testified that his employer paid into a retirement program for appellant's benefit, that he could retire under the plan at age fifty-seven (or earlier if he became disabled), and receive one hundred thirty-five dollars per month for life. He stated that he could not receive a lump sum payment. There was other testimony that the payments into the plan were made as part of appellant's compensation under a union contract. The matter was not further pursued. The trial court made no findings of fact or conclusions of law as to this program, whether it constituted marital prop-

1. The fact of the trial court's failure to act with respect to the pension plan was said by appellant to be an abuse of discretion in Point V of his brief. Prior to submission of the case, appellant sought and was granted leave to abandon this and another point. However, appellant's abandonment cannot be deemed to have conferred jurisdiction on this court.

erty, or whether the plan was property at all. Under very similar circumstances in a dissolution case where a pension plan was involved, this court remanded with the suggestion that "the parties should be given an opportunity to produce more evidence concerning the nature of the plan . . ." and the beneficiary's rights thereunder. The court added that in producing the additional evidence

". . . the parties should follow the criteria set out in *In re Marriage of Powers,* . . . [527 S.W.2d 949 (Mo.App. 1975)] (in which a husband's interest in a pension fund was considered marital property) and *Robbins v. Robbins,* 463 S.W.2d 876 (Mo.1971), (in which the husband's right to his employer's contribution to the pension plan was found to be too contingent to be considered by the trial court in making an award of maintenance)."

*Jaeger v. Jaeger,* 547 S.W.2d 207, 212[7] (Mo.App.1976).

The same directive is appropriate here. Furthermore, on remand, the issues need not be limited to those relating to the pension plan. In view of the three years which have passed since the trial of this case, the learned trial judge may well determine that what was a "just" division of the marital property at that time, § 452.330, RSMo Supp.1975, is not so on a fresh record. The court below "has not exhausted its jurisdiction, and therefore it can, upon proper notice, vacate, modify or correct any part of the decree entered." *Pendleton v. Pendleton,* 532 S.W.2d 905, 906 (Mo.App. 1976). Because of the staleness of the record before us, to discourse upon the other issues presented by this appeal would likely be an empty exercise providing guidance of questionable value to the trial court and the parties. We decline to do so.

The appeal is dismissed and the case is remanded for further proceedings consistent with this opinion.

STEWART, P. J., and REINHARD, J., concur.