In re Marriage of Elinor Darlene GOVERO, Petitioner-Respondent,

v.

William Jerome GOVERO, Respondent-Appellant.

No. 40084.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 27, 1979.

Mark T. Stoll, Richeson, Roberts, Wagmann, Gasaway, Stewart & Schneider, P. C., Hillsboro, for respondent-appellant.

James E. Pennoyer, Stevenson, Pennoyer & Ray, Farmington, for petitioner-respondent.

REINHARD, Presiding Judge.

This case involves an appeal from an order of the Circuit Court of St. Francois County, Missouri which sustained in part and overruled in part Husband's Rule 74.32 verified motion to set aside a default decree of dissolution entered by that Circuit Court in June of 1976.

In April of 1976, Wife filed for dissolution of marriage in the Circuit Court of St. Francois County asking that court to dissolve her marriage, restore her maiden name, award her the parties' house and lot and, in addition, award her $4,000.00 in damages for certain misrepresentations allegedly made to her by Husband which operated to induce her to marry respondent.

Husband was personally served but defaulted. At the hearing, the court entered a default judgment in favor of the wife granting all relief prayed for as well as awarding her the household furniture and attorney's fees.

In February of 1977, Husband filed his Rule 74.32 motion to set aside the dissolution decree or, in the alternative, to set aside that portion of the decree providing for $4,000.00 in misrepresentation damages. Respondent's motion alleged irregularities in the decree in that it provided for more relief than prayed for in the petition (i. e. the furniture and attorney's fees), and further alleged the circuit court exceeded its jurisdiction in awarding $4,000.00 for premarital representations.

The Judge who rendered the original decree was no longer a Judge at the time the 74.32 motion was filed. The regular Judge disqualified himself. Subsequently, the Supreme Court assigned a special Judge to dispose of this motion. The Special Judge set aside that portion of the dissolution decree awarding the furniture, the attorney's fees and the misrepresentation damages, but sustained the remainder. The court predicated its action on the belief that those portions of the decree dissolving the marriage, restoring petitioner's former name and disposing of the house and lot were separate and severable from the erroneous portion of the decree awarding relief in excess of that prayed for and damages for misrepresentations made prior to marriage. The court ordered new proceedings to determine distribution of the furniture, and further provided that its order was to be considered final for purposes of appeal.

On appeal, the husband challenges only that portion of the court's order which pertains to the marital property. He contends the circuit court erred in failing to set aside the entire order as to this property, and that the court should hear evidence and make a new disposition of the house and lot as well as the furniture.

■ Initially, we dispose of the wife's claim that the order of the court is not an appealable order. We agree with the husband that this 74.32 motion is separate and distinct from the original divorce proceeding. Since the husband was denied the relief requested, he is entitled to appeal from that order, even though he was granted partial relief. For appealability of 74.32 orders see *Head v. Ken Bender Buick Pontiac, Inc.*, 452 S.W.2d 596 (Mo.App.1970), *Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695 (Mo.App.1966), *In re Marriage of Bradford*, 557 S.W.2d 720 (Mo.App.1977).

In Wife's petition she alleged that the parties owned a house and lot (legal description in petition) and "certain household furniture which is subject to an indebtedness in the amount of $1,300.00."

In her prayer for relief she requested the "Court make and enter its order granting to Petitioner the house and lot above described . . . and for such other and further relief as to the Court may seem meet and proper." She did not request the court to assign her *all* marital property.

In the decree the court set off to the wife the house and lot and "all furniture located

therein, subject to the indebtedness of record."

The wife does not complain of the court's order setting aside that portion of the decree awarding her the furniture. In her memorandum to the trial court the wife stated, "the law is clear that a judgment entered by default in excess of the prayer may be properly set aside by the trial court in a proceeding brought by the defaulting party pursuant to Rule 74.32." For a good discussion of this point see *Rook v. John F. Oliver Trucking Company*, 505 S.W.2d 157, at page 161 (Mo.App.1973) wherein Judge Simeone stated,

> There is good reason for the rule that a judgment by default should not exceed the prayer. A defendant may desire to let judgment go by default when he is aware of the limit on the amount of damages [property sought] claimed in the prayer, but would not be so desirous if he could be subjected to a judgment in a sum [amount of property] exceeding the amount of relief prayed for.

Also see *La Presto v. La Presto*, 308 S.W.2d 724, 727 (Mo.1958); and, *Boggess v. Jordan*, 283 S.W. 57, 57 (Mo.App.1926).

The husband argues that the entire decree pertaining to the property must be set aside because the property provisions of the dissolution decree are not separate and severable because in the new proceeding the court must dispose of and divide *all* property of the parties after considering the factors stated in Section 452.330 RSMo 1969. In *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977) and *Nilges v. Nilges*, 564 S.W.2d 262 (Mo.App.1978) we dismissed appeals because the court failed to exhaust its jurisdiction by not allocating interests in retirement programs. We stated in *Nilges* at page 263 that, "In failing to consider a *potentially valuable asset*, evaluate and allocate it . . . [the court was] without jurisdiction." We further suggested that because of the time lapse between the original trial and remanded hearing, the trial court might want to consider the entire property disposition.

■ The status of an order in the face of undisposed of property has become a hiatus to both lawyers and judges. Somewhere along the line it would seem reasonable to accord a decision finality, at least with respect to property the trial court has already considered and disposed of. Should the entire property settlement be negated simply because the parties failed to remember a small bank account, some furniture, a watch, or the right to purchase Missouri University football tickets? We think not. We believe the more reasonable approach is to require a reconsideration of all the marital property only if the undisposed of property constitutes a substantial portion of all marital property.

■ We are not confronted, in the present instance, with a failure of the court to allocate all of the marital property. The trial court was approached with a petition which made reference to all the marital property, but requested only a portion thereof. The court heard the evidence and allocated to the wife furniture she had not requested. The trial court had before it several options. Among these was to: 1) Order as it did; 2) Order the furniture allocated to the husband as the wife's petition did not request it; or, 3) Permit the wife to amend her petition to include a request for the furniture and order new service upon the husband based on this new request.

Faced with these options, the trial court opted to allocate the furniture to the wife. Under the cases previously discussed, the husband claimed lack of notice that she was to receive this furniture and that, therefore, the order was improper. Adopting this same theory, he *was* notified that she was requesting the house. He was given the opportunity for his day in court on the house, but rejected his right to contest.

We are of the opinion that Judge Grimm's order confining the new proceedings to a hearing on the furniture was proper.

Affirmed.

CLEMENS and GUNN, JJ., concur.