**Ethel Francis OWENSBY, Petitioner-Appellant,**

v.

**Donovan Walker OWENSBY, Respondent.**

No. 10987.

Missouri Court of Appeals, Southern District, Division One.

Jan. 10, 1980.

Motion for Rehearing or to Transfer Denied Feb. 19, 1980.

Harold J. Fisher, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for petitioner-appellant.

David F. Sullivan, Springfield, Wayne Rieschel, Buffalo, for respondent.

PER CURIAM.

■ The judgment appealed from, as specified in appellant's notice of appeal, was entered on December 2, 1977. A timely after-trial motion was filed and the date of disposition of the motion was March 14, 1978. The notice of appeal was filed on March 27, 1978. This court has no jurisdiction because the notice of appeal was not timely filed. Rules 81.04 and 81.05, V.A.M.R.

Respondent's unanswered motion to dismiss, predicated upon the untimeliness of the filing of the notice of appeal, is granted.

Appeal dismissed.

ON MOTION FOR REHEARING

■ In her motion for rehearing appellant states that the judgment of the trial court lacks finality because it did not divide certain items of marital property. Appellant's position is well taken. It would have been better practice if appellant had raised this point by filing suggestions in opposition to respondent's motion to dismiss the appeal. See Rule 84.01.

Section 452.330 V.A.M.S. provides, in pertinent part, "[T]he court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors," including certain factors set forth in the statute itself.

■ The quoted portion of the statute requires the trial court to do two things: (1) determine the status of the property as separate or marital and (2) set it apart or, as the case may be, divide it. Until both steps have been taken, the trial court has not exhausted its jurisdiction and its judgment is neither final nor appealable. *Anspach v. Anspach*, 557 S.W.2d 3, 6[3] (Mo. App.1977), and authorities there cited. "[T]he [trial] court can, upon proper notice, vacate, modify, or correct any part of its decree." *Anspach* at p. 6.

Appellant claims, and respondent does not deny, that the trial court failed to distribute certain items, all of which were stipulated by the parties to be marital property. Those items include a bank account,

150 shares of stock in a corporation, and furniture.

One of the points relied on in appellant's brief complains of the failure of the trial court to distribute the listed items of marital property. In light of that circumstance, coupled with the fact that the point raised is a jurisdictional one, the appeal is dismissed and the cause is remanded for further proceedings consistent with this opinion. There being no need for a rehearing or a transfer, the motion for rehearing and the alternative motion for transfer to the supreme court are denied.

All concur except PREWITT, J., recused.