NEW STYLE HOMES, INC.,
Plaintiff-Respondent,

v.

Jack FLETCHER, d/b/a Green Valley Mobile Home Sales, Defendant,

and

Atlas Surety Corporation,
Defendant-Appellant.

No. WD30666.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Wiley W. Morrison, Morrison, Baker, Neds & Odneal, Raytown, for defendant-appellant.

Gregory P. Barabas, Dowell, McNearney, Desselle & Calton, Independence, for plaintiff-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

PER CURIAM:

This appeal is immediately beset with a jurisdictional problem. Both parties to the appeal assert in their briefs that an undisposed counterclaim remains in the court below. Our examination of the transcript disclosed that the pleadings presented in the transcript do not include the pleadings relating to the counterclaim. We, therefore, directed the trial court to forward to this court the file containing the pleadings of the parties.

From an examination of that court file, the following appears: Plaintiff, New Style, filed a petition on account against defendant, Jack Fletcher. Fletcher answered and filed a two-count counterclaim. Count I of the counterclaim was for breach of warranty. Count II alleged false representation by plaintiff. Thereafter, plaintiff moved to add additional parties, Atlas Surety and Westpoint Bank, and filed an amended petition in two counts. Defendant, Jack Fletcher, filed an amended answer to the amended petition.

In due course, the other defendants pleaded, and the case was heard by the court. Westport Bank was dismissed from the case. The trial court entered judgment against defendant Fletcher who defaulted in appearance at trial on Court I of plaintiff's petition. The judgment was in favor of plaintiff and against defendant, Atlas Surety, on Count II.

There was no disposition of the pending counterclaim. The counterclaim was entirely independent of plaintiff's claim on account against defendant Fletcher and, thus, may not be considered as disposed of by the judgment adverse to defendant on plaintiff's petition.

The undisposed-of counterclaim results in the trial court's judgment not being a final appealable order disposing of all the issues and the claims of all the parties. *Collier v. Smith*, 292 S.W.2d 627, 629 (Mo. App.1956).

We have examined the exceptions to the general rule of finality when a judgment does not specifically dispose of a counterclaim. These exceptions are set forth in *Collier v. Smith*. There can be no dismissal or abandonment because the counterclaiming defendant was not present in the trial court and is not a party here. Any determination of the issues presented in this appeal would, of necessity, leave the counterclaim pending in the court below.

It is our duty to examine *sua sponte* for jurisdiction. *Baumstark v. Jordan*, 540 S.W.2d 611, 612 (Mo.App.1976). Because the failure to dispose of the pending counterclaim constitutes a jurisdictional impediment to our consideration of the appeal, it must be dismissed. We may not direct the entry of a judgment in this situation, but the trial court must make its own determination of the pending counterclaim; nor may we hold this appeal in abeyance awaiting that determination because of the jurisdictional nature of the defect.

To eliminate, to the extent possible, unnecessary delay and expense, the parties may, upon disposition of the counterclaim below, reinstate the appeal and request acceleration. If the parties desire, they may, upon a new appeal from the judgment finally entered, accelerate the appeal. By

appropriate motion and stipulation, the parties may request refiling of the original transcript and briefs together with the supplemental transcript, waive oral argument, and request submission to this panel of the court. We may not direct such a procedure, but suggest it as a means of eliminating, to the extent possible, unnecessary delay and expense.

The appeal is dismissed.