**James V. GLASCOCK,<br>Petitioner–Appellant,**

v.

**Elizabeth Ann GLASCOCK,<br>Respondent–Respondent.**

**No. WD31273.**

Missouri Court of Appeals,<br>Western District.

Nov. 3, 1980.

Robert L. Roper, Jr., Columbia, for petitioner–appellant.

Lawrence M. Woods, Columbia, for respondent–respondent.

Before CLARK, P. J., and DIXON, and SOMERVILLE, JJ.

PER CURIAM:

This dissolution of marriage action, brought by the husband as petitioner against the wife as respondent, involves a claim of error by the husband as to the distribution of marital property and the maintenance awarded the wife. The issues of dissolution, custody of the children, and child support are not challenged in the appeals. Although the wife filed a cross appeal, it was dismissed before briefing in this court, and only the husband's appeal remains.

A review of a very substantial transcript, a variety of exhibits offered by both parties, and the complex property ownerships of the parties discloses that the decree does not finally dispose of all of the marital property of the parties. The appeal must be dismissed.

■ The question of jurisdiction vis–a–vis a final appealable judgment must be inquired into sua sponte. *Nilges v. Nilges*, 564 S.W.2d 262 (Mo.App.1978). The purpose of § 452.330 RSMo 1978 is to effect a complete severance of title and possession to property as between the spouses. *Fields*

*v. Fields*, 584 S.W.2d 163 (Mo.App.1979). The decree must designate all property as either marital or nonmarital, designate the future title and the valuation of the asset in accordance with the determination of the court in the overall division. *Fields, supra.* The failure to consider a potentially valuable asset, evaluate and allocate it requires dismissal of the appeal. *Nilges, supra.*

Three items of property were not so considered, evaluated and divided. A corporation styled Innovative Management in which the husband claims a 12½ percent interest; a contract in the name of the husband as purchaser for the purchase of 6.8 acres of valuable real estate located in close proximity to the Columbia Regional Medical Center for a price of $47,000 per acre; and a development of a 32–unit, single family condominium development described as "Greenbriar" in which the husband apparently owns a one–sixth interest. The husband claims an interest in the land under contract in the name of a straw party with respect to "Greenbriar." There is nothing to indicate present values upon these items of property, the property is not declared to be marital or nonmarital and no division or allocation of it appears in the decree.

As in *Fields, supra*, the trial court here was not well served by the parties either as to the quantity or quality of the evidence on the issues of asset identity or value. It cannot be determined on this record whether the trial court overlooked these assets or intended they be set off to the husband. The trial court, not having exhausted its jurisdiction, may either amend the decree or take further evidence and enter an appropriate decree. Since the assets were speculative in nature, the present values may be different in the current circumstances. Only the trial court may in the first instance consider the assets and their present value in the overall situation of the parties. As in *Nilges, supra* at 264, the court may on proper notice and motion, vacate, modify, or correct any part of the decree entered.

The attention of the parties is directed to *New Style Homes, Inc. v. Fletcher*, 600 S.W.2d 634 (Mo.App.1980) which sets forth a procedure to expedite an appeal where a judgment has been corrected by the trial court to give it finality for the purposes of appeal.

Appeal dismissed.