**In re the MARRIAGE OF Charles SCHWARTZKOPF and Lillian Schwartzkopf.**

**Charles SCHWARTZKOPF, Appellant-Respondent,**

v.

**Lillian SCHWARTZKOPF, Respondent-Appellant.**

**Nos. 42867, 42901.**

Missouri Court of Appeals, Eastern District, Division Three.

March 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied Dec. 14, 1981.

Joseph Howlett, Clayton, for respondent-appellant.

Larry Carp and Stephen Sexauer, Clayton, for appellant-respondent.

CRIST, Presiding Judge.

The instant case, a dissolution proceeding, bespeaks the unfortunate but continuing saga of non-finality of dissolution decrees. We are constrained to generally affirm the judgment of the trial court, but must amend its decree in some particulars.

The parties were married in September of 1955 and had four children. Husband filed for dissolution in October of 1976 and the trial court rendered a February 18, 1977 judgment which: (1) Dissolved the marriage; (2) Gave wife custody of the couple's two as yet minor children; (3) Ordered husband to pay child support of $150.00 per month for each child; (4) Awarded wife all shares of corporate stock as well as the household goods; (5) Left the mobile home and Ford van in husband's charge; and (6) Ordered the family home sold and its proceeds equally divided. Husband was not obliged to provide wife maintenance, but was ordered to assume her attorney's fees and court costs.

Wife filed her notice of appeal on March 21, 1977, but shortly thereafter, also filed a motion to dismiss her appeal *without prejudice* and remand the cause to the trial court inasmuch as its decision failed to consider disposition of husband's retirement benefit program. Her motion was granted and on remand, the trial judge disqualified.

Wife filed her first amended answer and petition on October 9, 1979, in which she sought the trial court's declaration of the family residence and husband's retirement benefits as marital property. She further asked that the trial court award her the family home, a share of the retirement fund, custody of any minor and unemancipated children, child support, maintenance, a court imposed obligation that husband pay all debts the parties incurred during the marriage and, attorney's fees.

Husband filed a motion to strike certain paragraphs of wife's first amended answer

and petition on October 29, 1979, which motion was ultimately overruled on January 23, 1980.

Trial began for the second time on February 27, 1980, and from its inception, husband's attorney objected to trial of the cause de novo except as to the marriage itself. In response, the trial court stated, "let the record reflect that except for the matter of dissolution the [husband] does not waive objection to all other issues with the exception of the pension plan." Husband presented his evidence first. The trial court not only entered an order which related to the designation of marital property and its allocation, but determined that one of the couple's minor children should be maintained as a beneficiary on husband's group health plan. The trial court also awarded attorney's fees to wife.

■ On appeal, husband initially complains of the maintenance of the minor as a beneficiary under his group health plan and the award of attorney's fees.[1] Husband's first contention is well-founded. The case was originally remanded for the limited purpose of ascertaining whether husband's pension plan represented such a "substantial portion of all marital property" so as to justify a new, redivision of all marital property. *Govero v. Govero*, 579 S.W.2d 152, 154 (Mo.App.1979). The evidence demonstrated that husband's interest in the pension plan was vested, and that the program would pay him an indeterminate amount if he retired at age 55, $550.00 per month at age 57, or $625.00 per month at age 60 (husband was 52 years old at the time of trial). Failure to dispose of such a "substantial asset" (and indeed it was "substantial," particularly when compared against the remaining marital property) left the trial court with jurisdiction to redetermine allocation of *all* marital property. However, the trial court's jurisdiction was limited to that task. *Govero, supra.*

■ Wife's appeal from the other issues presented by the trial court's first decree was not held in abeyance indefinitely as she would have us believe. As we mentioned earlier, the case was remanded for the limited purpose of reconsidering the division of marital property and possible redistribution of same. It was, therefore, incumbent upon wife to keep those other issues alive by submission of a timely notice of appeal once the trial court relinquished its jurisdiction by entering a final order. This she failed to do and those issues cannot now be revived. *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 170 (Mo.App.1978).

The courts of this state have long recognized that portions of a decree may be final as to some issues and not as to others. See *Pratt, supra* at 170. *Feinstein v. McGuire*, 312 S.W.2d 20 (Mo.1958), *Pendleton v. Pendleton*, 532 S.W.2d 905 (Mo.App.1976) and other cases cited by wife involved different facts and cannot be read so as to thwart the accepted notion of "severability" of issues in divorce proceedings. Section 452.360, RSMo. 1979, *Pratt, supra; Govero, supra.*

■ Husband next laments the award of the family home to wife (subject to a $5,000.00 payment by wife to husband) in the second decree. We cannot agree with husband's contention that such was an inequitable allocation. Originally, in the first decree, the family home was ordered sold and the proceeds equally divided. The second decree left the residence to wife subject to the indebtedness abovementioned. The discrepancy noted by husband is directly attributable to the award of the previously unmentioned pension plan, from which husband would stand to acquire a substantial sum of money should he live to enjoy same. Furthermore, husband demonstrated the greater earning power and wife was left with considerable debts to pay. In view of these circumstances we are reluctant to disturb the family home distribution effected by the second decree.

1. Our perusal of the record has left this court with the impression that the award of attorney's fees to wife was proper inasmuch as it was not an upward *modification* of the award contained in the earlier decree but rather, was an award for fees wife incurred *subsequent* to entry of the first decree and occasioned by those proceedings which necessarily followed.

We also note the evidence established that husband was possessed of a life insurance policy (value $1,000.00), which policy the trial court failed to dispense in either decree. Pursuant to this court's recent opinion in *Nilges v. Nilges*, 610 S.W.2d 58 (Mo.App.1980), we award this policy to husband.

The original decree (entered on February 18, 1977) is hereby affirmed in all respects except insofar as it purports to allocate and distribute the marital property.

The second decree (entered on March 14, 1980) is hereby affirmed but only insofar as it pertains to the allocation and distribution of marital property, and the award of attorney's fees to wife. In all other respects, the second decree is reversed. Also, the second decree is hereby amended to reflect the award to husband of his life insurance policy.

REINHARD and SNYDER, JJ., concur.