**Judith G. GRAVES, Respondent,**

v.

**Cleo C. GRAVES, Appellant.**

No. 43548.

Missouri Court of Appeals, Eastern District, Division Three.

June 9, 1981.

Grove Sweet, Brentwood, for appellant.
M. L. Jack Davis, Potosi, for respondent.

REINHARD, Judge.

Husband appeals from an order of the circuit court which denied his Rule 74.32 motion to set aside that portion of a default decree of dissolution distributing the marital property.

This case arose from the following facts. Wife filed a petition for dissolution of marriage. She made no request as to the disposition of the marital property. Husband was served with process but defaulted. On September 26, 1977, the court dissolved the marriage. A portion of the decree of dissolution provided: "Respondent [husband] to convey all of his right, title and interest in the 'East 9' 11¼" of Lot # 1 and all of Lot # 2 and West 5' ¾2d of Lot # 3, Block 9 of Tuxedo Park in St. Louis County otherwise numbered and known as 408 Fairview, Webster Groves, Missouri 63119' and all furniture and household goods therein and 1971 Chevrolet Kingswood Estate station wagon; . . . ."

On January 12, 1979, wife filed a motion for contempt in the circuit court alleging that husband had not conveyed his interest in the real property according to the court order. Subsequently, both parties appeared in court for hearing on the motion. A continuance was granted at the request of husband so that he could obtain counsel. On June 8, 1979, husband filed a motion to modify the decree of dissolution. In the motion, husband recognized the terms of the original decree of September 26, 1977 and stated that he, in accordance with the decree, had conveyed the real property. Attached to his motion to modify was a stipulation and agreement containing provisions as to the children, and the maintenance and repair of the "family home." In this stipulation, wife agreed that husband should have received 40% of the net proceeds of any sale of the home up to $19,000.

The record entry of the court for the 9th day of October, 1979 states the following: "Cause called. Parties appear and submit to the approval of the Court their Stipulation and Agreement concerning resp's. Motion to modify. . . . Resp. shall receive 40% of the net proceeds from the sale of the former home, not to exceed $19,000.00. . . . [A]ll as per stipulation filed."

On July 8, 1980, and within three years of the date of the original decree of dissolution, husband filed his motion under Rule 74.32 to set aside the judgment entered on September 26, 1977, or in the alternative, to strike that portion of the judgment pertaining to the distribution of the marital property. In his motion, husband contended that the court had exceeded its jurisdiction in including in its default judgment an order distributing the marital property when no prayer for such relief was contained in the petition. The motion was overruled by the court and husband appealed.

Husband relies on our case of *Govero v. Govero*, 579 S.W.2d 152 (Mo.App.1979). There, we affirmed the longstanding proposition that a judgment entered by default in excess of the prayer contained in the petition may be properly set aside by the trial court in a proceeding brought by a defaulting party under Rule 74.32.

Husband would have us overlook his conduct occurring after the rendition of the dissolution decree. It has long been held that a party's conduct subsequent to

the entry of a defective judgment can constitute a waiver of the defect and a ratification of the judgment whereupon a party is estopped to deny the judgment's validity. *See W. T. Rawleigh Medical Co. v. McKinney,* 180 S.W. 440 (Mo.App.1915). We hold that by filing a motion to modify the dissolution decree of September 26, 1977, entering into a stipulation, which recognized the terms of that decree, and asking the court to approve the stipulation, husband waived the defect in the decree and ratified it. Therefore, he is estopped to deny the decree's validity. The court properly denied husband's Rule 74.32 motion.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.