**Marjorie HARTLEY, Appellant,**

v.

**Harlan HARTLEY, Respondent.**

**No. WD 31579.**

Missouri Court of Appeals,
Western District.

Aug. 25, 1981.

Ralph E. Smith, Butler, for appellant.

Wm. G. McCaffree, Nevada, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Marjorie Hartley appeals the judgment of dissolution of marriage of December 19, 1979, and the amendment of that judgment on February 14, 1980. Mrs. Hartley, the petitioner and appellant, claims error in the trial court's division of the marital property and its refusal to award attorney's fees to her. The appeal must be dismissed.

██ Although we were not provided with exhibits from the trial, a careful review of the lengthy transcript, the decree and its amendment reveals that the decree does not finally dispose of all of the marital property of the parties. The judgment is not final nor appealable. Thus, this court has no jurisdiction. *Anspach v. Anspach*, 557 S.W.2d 3, 5 (Mo.App.1977), *Corder v. Corder*, 546 S.W.2d 798, 806 (Mo.App.1977).

The parties were married on June 8, 1972, and separated in May, 1979. They had no children, but five children from their previous marriages lived with them. At the time of the marriage both were employed at Buerge Farm Supply, Inc., a company in which Mr. Hartley had a substantial financial interest. Subsequently, Mr. Hartley sold his interest in Buerge and engaged in farming enterprises and land speculation. Except for a period of eight months, Mrs. Hartley worked outside the home on a full-time basis. Neither party questions the dissolution, custody of the children or lack of a maintenance award.

At the trial Mr. Hartley, two expert witnesses testifying on his behalf, and Mrs. Hartley's expert witness each gave opinions as to the value of some six tracts of land owned by the Hartleys and one tract of land upon which Mr. Hartley held an option. These estimates ranged from a total of $949,150 to a total of $1,160,000. Mortgages of $900,830 exist on these properties. In addition, Mr. Hartley testified to equity in crops of $41,966, livestock of $66,640 and machinery and tools of $11,492.

In the original decree the trial court set aside to Mr. Hartley as nonmarital property a $35,000 payment due from the Buerge sale and four hundred acres known as the Buerge Stock Redemption Tract. The decree included a legal description of this land. Marital property set aside to Mrs. Hartley was identified and valued with specificity with the exception of the general award of "all household goods, clothing and personalty now in Petitioner's possession." The award to Mrs. Hartley included $80,000 in cash payable over a seven-year period plus interest on the balance. Mr. Hartley was given the right to prepay the judgment at any time and judgment for the balance was declared a lien on the real estate set apart to him until payment in full.

The major defect in the decree is in the award of marital property to Mr. Hartley. The decree set aside that property to him in the following language:

a. All lands now owned or under contract to be purchased by the parties.

b. All crops, livestock, machinery, tools and farm equipment, owned by the parties and in anyone's possession.

c. All household goods and personalty now in Respondent's possession.

d. 1971 Oldsmobile automobile.

The decree placed no values on such property. This court is unable to review this decree under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976), without identification and evaluation of those assets. *Glascock v. Glascock*, 607 S.W.2d 834 (Mo.App.1980), and *Fields v. Fields*, 584 S.W.2d 163 (Mo.App.1979). Neither the transcript nor the decree itself indicates which evidence of the valuation of the lands

the court accepted. Therefore, we are governed by the holding in *Fields, supra* at 167:

> By the specific direction of Section 452.330–1(2), RSMo Supp.1973, the court is obligated not only to allocate assets but also to evaluate the property set apart to each spouse. Where the decree does not include both elements, no final judgment results and the appellate court is without jurisdiction. Without the benefit of the trial court's finding as to asset values, meaningful appellate review of property divison is precluded. (Citation omitted.)

Moreover, the land in question was not adequately identified so that the requirements of § 452.330–5 [1], RSMo 1978, may be satisfied. "Where real estate is affected by a dissolution decree ... by division of marital property as equivalent to a conveyance, *full legal descriptions must be included in the judgment.*" (Id.; emphasis added.)

Mr. Hartley questions the sufficiency of the appellant's Point I. Because sua sponte we first addressed the issue of this court's jurisdiction, we do not reach the question of the conformance of Point I with Rule 84.04(d). We direct the attention of counsel to *Fields, supra* at 166[6], and the appendix to that opinion for any assistance they may be able to find there.

As in *Glascock, supra* at 835, the trial court in the instant case, not having exhausted its jurisdiction, "may either amend the decree or take further evidence and enter an appropriate decree." *New Style Homes, Inc. v. Fletcher,* 600 S.W.2d 634 (Mo.App.1980), can serve as a guide to the parties to expedite their appeal after the judgment has been corrected by the trial court.

Accordingly, the appeal is dismissed.

All concur.

---

1. § 452.330 provides in part that:

   5. A certified copy of any decree of court affecting title to real estate shall forthwith be filed for record in the office of the recorder of deeds of the county and state in which the real estate is situate by the clerk of the court in which the decree was made, and the filing fees shall be taxed as costs in the cause.