**Majorie HARTLEY,
Respondent/Appellant,**

v.

**Harlan HARTLEY,
Appellant/Respondent.**

**No. WD 33435.**

Missouri Court of Appeals,
Western District.

Jan. 4, 1983.

Wm. G. McCaffree, Nevada, for respondent/appellant.

Ralph E. Smith, Butler, for appellant/respondent.

Before NUGENT, P.J., and TURNAGE, and LOWENSTEIN, JJ.

TURNAGE, Judge.

This case arose out of an action for dissolution of marriage. This court dismissed the first appeal in this case, *Hartley v. Hartley,* 621 S.W.2d 121 (Mo.App.1981), on the ground that the trial court had failed to exhaust its jurisdiction. In response to that decision, the trial court amended its decree to specifically describe the real estate involved and to assign values to the property set apart to Mr. Hartley. Both parties have appealed from the amended decree, Mr. Hartley on the ground that the court was required to hear additional evidence regarding the economic circumstances of the parties, and Mrs. Hartley on the grounds that the court abused its discretion in the division of the property and in failing to award her attorney's fees. Reversed and remanded.

When this cause was returned to the trial court following dismissal of the prior appeal, Mr. Hartley moved that the court hear additional evidence bearing on the economic circumstances of the parties. This motion was filed on October 26, 1981, and the last time such evidence had been heard was on December 4, 1979. The motion alleged that there was evidence that Mr. Hartley's economic situation had worsened considerably since the first hearing due to a farm loss he had suffered in 1979 and 1980, and that the real estate valuations received into evidence at the first hearing were no longer relevant due to changes in interest rates and other economic conditions which had caused real estate values to decline. The trial court overruled this motion and modified the original decree by specifically describing the real estate in question and assigning values to the property set apart for Mr. Hartley.

Following the entry of this modified decree, Mr. Hartley moved to reopen the judgment and to hear additional evidence regarding economic circumstances of the parties, on the theory that § 452.330.1(3) RSMo. 1978 required the court to consider the economic circumstances of each spouse at the time a division of property is to become effective. The court overruled this motion.

On this appeal, Mr. Hartley renews his contention that the court was required to hear additional evidence on the economic circumstances of the parties under § 452.-330.1(3). He contends that the division of property in this case became effective upon the entry of the modified judgment on December 2, 1981. Mr. Hartley claims that the only evidence before the court at that time was the evidence adduced in the December 4, 1979, hearing, and that this evidence failed to meet the statutory requirement of relating to the economic circumstances of each spouse at the time the division is to become effective.

The language of § 452.330.1(3) provides that the economic circumstances of each spouse at the time the division of property is to become effective is among the relevant factors which the court is required to consider. In this case the division of property indeed became effective when the modified judgment was entered on December 2, 1981, and the only evidence before the court at that time regarding the economic circumstances of the parties was in fact the evidence received on December 4, 1979. Thus, the modified judgment failed to comply with the statutory requirements, in that it was based on evidence of economic circumstances which was two years old.

This court's decision in the prior appeal of this case made it clear that the trial court could in its discretion receive additional evidence. While this court's mention of the trial court's discretion was recognition of the fact that the trial court was in no way required to hear all evidence which the parties might have introduced on remand, that court was nonetheless obligated to hear all evidence which it was required by statute to consider before the division of property became effective. Since the evidence offered by Mr. Hartley fell into the latter category, the trial court was obligated to hear it. Because the trial court failed to hear the additional evidence to this effect which Mr. Hartley had attempted to offer, it has violated § 452.330.1(3).

In light of this decision, Mrs. Hartley's grounds for appeal, which go to the merits of this case, are not reached at this time. The judgment is reversed and this cause is remanded for further proceedings. Costs on this appeal are assessed against Mrs. Hartley.

All concur.